UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD MODIC<br>1225 Dalton Drive<br>Painesville, Ohio 44077 | )<br>)<br>) | CASE NO. |
| | ) | |
| | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| | ) | |
| AVALON PRECISION<br>CASTING CO., LLC<br>15583 Brookpark Road<br>Cleveland, Ohio 44142 | )<br>)<br>)<br>) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Edward Modic, by and through counsel, and for his Complaint against Defendant Avalon Precision Casting Co., LLC ("Defendant" or the "Company") states and alleges the following:

**INTRODUCTION**

1.      This is an employment action brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. and Plaintiff's supplemental state law claims.

2.      Defendant operates a manufacturing facility in Brookpark, Ohio and a tooling facility in North Royalton, Ohio. Defendant is in the business of manufacturing precision castings. Upon information and belief, Defendant employs more than 50 full-time employees within a 75-mile radius.  As such, Defendant is an "employer" under the definition of that term

as stated in the FMLA, 29 U.S.C. §§ 2601, et seq. Under the FMLA, Plaintiff's return to his job

and/or continued employment is guaranteed unless certain specific exceptions apply.

3.      Plaintiff was employed full- time since 1979, his most recent position being a

Non-Ferrous Process Manager.  As Plaintiff worked more than 12 months as a full time

employee for Defendant, he is a covered "employee" under the definition of that term as defined

by the FMLA, 29 U.S.C. §§ 2601, et seq. At the time of his termination, Plaintiff was age 59.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. §§ 2617. As well, this Court has supplemental jurisdiction of the state law

claims raised hereunder, without limitation, 28 U.S.C. § 1367, as such claims relate to the federal

claims that form a part of the same case.

5.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff was

employed in and all or a substantial part of the events or omissions giving rise to the claims

occurred in Cuyahoga County, which County is within this District and Division.

## FACTUAL ALLEGATIONS

6.      In or around 1979, Plaintiff began working at Defendant's Plant located in Euclid,

Ohio and at the time of his termination worked at Defendant's  Plant located in Brookpark, Ohio.

Plaintiff was a highly valued employee of the Company. He had been promoted many times

since he was hired, was named the Interim Plant Manager for a period of time in 2018 and

received regular raises, among other things.

7.      In December, 2019, Plaintiff informed Defendant's CEO and its HR Manager that he had cancer and that he required surgery. Plaintiff had surgery for his cancer shortly thereafter that same month. Plaintiff used vacation days to cover the few days that he was off work.

8.      Plaintiff required ongoing treatment for his cancer which initially delayed by COVID medical treatment restrictions. Plaintiff sought and was approved for FMLA intermittent leave for Plaintiff's medical treatments and doctor's appointments in May, 2020.

9.      Under the FMLA, employees may seek up to twelve weeks of leave for the employee's own serious health condition, among other things. Plaintiff's first round of cancer treatments occurred in May and June, 2020 and required a half day to complete each such treatment.  Plaintiff was restricted from traveling on behalf of the Company due to his cancer treatments and COVID restrictions.

10.     Plaintiff was informed that he was being laid off along with a few other employees on July 13, 2020. Plaintiff was not offered a pay cut or reduction in hours. Plaintiff was the only employee with cancer laid off in July 2020 to his knowledge. On information and belief, Plaintiff is and/or will be replaced by a younger individual. As well, younger employees without cancer were not laid off.

11.     Plaintiff's cancer is not in remission and he requires additional medical treatment and doctor's appointments.

12.     Defendant retaliated or discriminated against Plaintiff on the basis of his exercise of his right to leave to which he was entitled under the FMLA and his right to employment and benefits protection to which he was entitled under these laws. Defendant's termination of Plaintiff interfered with Plaintiff's right to take intermittent leave under the FMLA and also constitutes unlawful age and/or disability discrimination under state law.

13.     Defendant acted maliciously and/or with reckless disregard to the rights of Plaintiff.

14.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT ONE
### (FMLA Violation – Interference with Rights)

15.     Plaintiff re-avers and re-alleges each and every paragraph above as if fully set forth herein.

16.     Plaintiff was qualified for the position he held in Defendant's employment.

17.     Defendant's actions and inactions described above are in violation of 29 U.S.C. § 2615(a)(1), among other things.

18.     Plaintiff has a remedy against Defendant pursuant to 29 U.S.C. § 2617.

19.     The conduct described above was engaged in by Defendant in bad faith as Defendant knew that Plaintiff was qualified to take leave under the FMLA and wrongfully interfered with Plaintiff's rights under the FMLA.

20.     Defendant's actions and inactions complained of above were egregious, reckless, willful, and deliberate.  Plaintiff is entitled to an award of compensatory and liquidated damages, as well as costs and attorneys' fees.

21.     As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered, and will continue to suffer, damages in an amount to be determined at trial.

## COUNT TWO
### (FMLA Violation – Retaliation)

4

22.     Plaintiff re-avers and re-alleges each and every paragraph above as if fully set forth herein.

23.     Defendant retaliated against Plaintiff by terminating him for taking a legally protected FMLA intermittent leave of absence.

24.     Defendant's actions and inactions are in violation of 29 U.S.C. § 2615(a)(2), among other things.

25.     Plaintiff has a remedy against Defendant pursuant to 29 U.S.C. § 2617.

26.     The retaliatory conduct described above was engaged in by Defendant in bad faith as Defendant knew that Plaintiff was qualified to take leave under the FMLA and wrongfully interfered with Plaintiff's rights under the FMLA and/or retaliated against Plaintiff for his exercise of his rights under the FMLA.

27.     Defendant's actions and inactions complained of above were egregious, reckless, willful, and deliberate.  Plaintiff is entitled to an award of compensatory and liquidated damages, as well as costs and attorneys' fees.

28.     As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered, and will continue to suffer, damages in an amount to be determined at trial.

## COUNT THREE
### (Age Discrimination– RC § 4112.02 and RC § 4112.99)

29.     Plaintiff re-avers and re-alleges each and every paragraph above as if fully set forth herein.

30.     Plaintiff is a member of a protected class because of his age pursuant to O.R.C. § 4112.02.

31.     Plaintiff is and was qualified for the position he held at the time of his termination.

32.     Defendant discriminated against Plaintiff and terminated his employment on account of his age, treating him differently with respect to his alleged layoff  and replacing him with a less qualified and experienced person.

33.     Defendant discriminated against Plaintiff and discharged Plaintiff because of his age in violation of state law.

34.     Defendant's actions as described hereinabove violate O.R.C. § 4112.02 which states, "[i]t shall be an unlawful discriminatory practice: (A) For any employer, because of …age…to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

35.     Defendant acted with malice and/or with reckless indifference to Plaintiff's rights, and for such willful conduct, Defendant is liable for punitive damages.

36.     As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT FOUR
### (Disability Discrimination RC §§ 4112.02 and 4112.99)

37.     Plaintiff re-avers and re-alleges each and every paragraph above as if fully set forth herein.

38.     Plaintiff is a member of a protected class because of his cancer disability pursuant to O.R.C. § 4112.02.

39.     Plaintiff is and was qualified for the position he held at the time of his termination.

40.     Defendant discriminated against Plaintiff and terminated his employment on account of his disability, treating him differently with respect to his alleged layoff   and replacing him with a less qualified and experienced person.

41.     Defendant discriminated against Plaintiff and discharged Plaintiff because of his disability in violation of state law.

42.     Defendant's actions as described hereinabove violate O.R.C. § 4112.02 which states, "[i]t shall be an unlawful discriminatory practice: (A) For any employer, because of …disability …to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

43.     Defendant acted with malice and/or with reckless indifference to Plaintiff's rights, and for such willful conduct, Defendant is liable for punitive damages.

44.     As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:  such legal or equitable relief as may be appropriate including, without limitation, lost wages and compensation, back pay, front pay in lieu of reinstatement, compensatory damages and/or liquidated damages, attorneys' fees, interest and costs, punitive damages if applicable and for such other and further relief as is just under law or equity.

Respectfully submitted,

 /s/ Daniel D. Domozick
Daniel D. Domozick (0025040)
33977 Chardon Road, Suite 100
Willoughby Hills, OH  44094
Phone: (216) 586-6020
Facsimile: (216) 586-6021
Email: ddomozick@domolaw.net
*Attorney for Plaintiff Edward Modic*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Daniel D. Domozick
Attorney for Plaintiff